# IN UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

TRAVIS CAMPBELL,
individually and on behalf of all
others similarly situated,

    Plaintiff(s),

-v-.

    CIVIL ACTION 2:22-cv-00090

SURFSIDE COFFEE COMPANY LLC,
a foreign limited liability company, and
CHRISTOPHER MELLGREN,
individually,

    Defendants.

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff TRAVIS CAMPBELL, individually and on behalf of all others similarly situated, by and through his undersigned counsel, sues the Defendants, SURFSIDE COFFEE COMPANY LLC, a foreign limited liability company, and CHRISTOPHER MELLGREN, individually, and alleges as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action on behalf of himself and all others similarly situated to recover from the Defendants unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and specifically under 29 U.S.C. § 216(b).

### PARTIES

1. Plaintiff, TRAVIS CAMPBELL is a citizen and resident of Lee County, Florida, and within the jurisdiction of this Court.

2. Defendant, SURFSIDE COFFEE COMPANY LLC ("SURFSIDE"), is a foreign limited liability company, doing business in Florida, and within the jurisdiction of this Court. SURFSIDE is a Dunkin' Donuts franchise network in Florida, controlling and operating over fifty (50) Dunkin' Donuts stores in and around Ft. Myers and southern Florida.

3. Defendant, CHRISTOPHER MELLGREN ("MELLGREN"), a natural person and resident of Lee County, Florida.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 29 U.S.C. § 201, et seq., and specifically under 29 U.S.C. § 216(b) because this case arises under Fair Labor Standards Act, a federal statute.

5. Venue is proper because the alleged acts and transactions complained of occurred here and the Defendants transacts and/or conducts business here.

## FACTUAL ALLEGATIONS

6. Defendant, MELLGREN owns, operates and manages SURFSIDE and all of the retail store units. MELLGREN is active in the day to day management of all aspects of the business enterprise, which is made up of a network of Florida limited liability companies.[1] All of the various geographical locations are centrally operated and controlled through the corporate and individual Defendants.

7. Defendants are joint employers of the Plaintiff, as well as all others similarly situated, inasmuch as each of the Defendants are employers within the meaning of the FLSA and all of the Defendants share or co-determine those matters governing the essential terms and conditions of employment. Defendants all possessed sufficient control over the terms and conditions of Plaintiff's, as well as all others similarly situated, employment, directly

---

[1] Upon information and belief, each retail store unit is set up as a separate Florida limited liability company. To the extent necessary, plaintiff will determine through discovery the names of the relevant units and amend this complaint to join those entities as parties-defendant, *if necessary*.

and/or indirectly, and/or reserved the authority to do so.

8. At all times material hereto, Plaintiff (and those similarly situated) were jointly employed by the Defendants.

9. Plaintiff brings this action on behalf of himself and all others similarly situated current and former retail store-level managerial employees (store managers) of Defendants, located at any of Defendants' Dunkin' Donuts retail store units throughout Florida, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

11. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

12. At all times material hereto, during their employment with Defendants, Plaintiff (and those similarly situated) were, and continue to be, engaged in interstate commerce.

13. The additional persons who may become Plaintiffs in this action, and who Plaintiff believes are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former retail store unit store managers of Defendants located at any of its Dunkin' Donuts retail store units throughout Florida, who are or were subject to the payroll practices and procedures described in the paragraphs below.

14. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiff and those current and former "store manager" titled employees located at any of Defendants' Dunkin' Donuts retail store units throughout Florida, while employed by Defendants under the title and auspices of "store managers", and classified as exempt for purposes of overtime compensation eligibility, performed hours of service for Defendants in excess of forty (40) during one or more workweeks, for which they failed to properly receive additional overtime premiums.

15. Plaintiff, and those current and former employees similarly situated to Plaintiff, are and were inappropriately and improperly classified as exempt employees, inasmuch as at no time material hereto did they have management as their primary duty.

16. Plaintiff, and those current and former employees similarly situated to Plaintiff, customarily and regularly performed non-exempt work; that is, Plaintiff's primary duty consisted of waiting on customers, making various coffee drinks, serving the customers coffee and donuts, ringing up the sales, cleaning, and the like, which non-managerial work consumed upwards of 90% or more of Plaintiff's time.  Indeed, these same duties are performed by other employees in the stores who in fact are classified as non-exempt employees and paid on an hourly basis, as opposed to Plaintiff, and those current and former employees similarly situated to Plaintiff, who are paid on a salary basis.

17. Further, the management duties of Plaintiff, and those current and former employees similarly situated to Plaintiff, is relatively unimportant in comparison to the non-exempt duties performed by Plaintiff, and those current and former employees similarly situated to Plaintiff.

18. Still further, Plaintiff, and those current and former employees similarly situated to Plaintiff, rarely exercise true discretionary powers in connection with matters of significance.

19. Moreover, Plaintiff, and those current and former employees similarly situated to Plaintiff, are not relatively free from supervision in connection with matters of managerial significance.

20. Finally, Plaintiff, and those current and former employees similarly situated to Plaintiff, rate of pay was not substantially dissimilar to non-exempt employees in the retail store units, particularly when taking into account the weekly hours worked by Plaintiff.

21. In the course of his employment with the Defendants, Plaintiff, and other current and former employees similarly situated to him,, worked the number of hours required of

them, most of the time in excess of forty (40), but were not paid overtime.

22. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to pay overtime to Plaintiff, and those other current and former employees similarly situated to Plaintiff, for those hours worked in excess of forty (40).

23. During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continues to employ individuals similarly situated to Plaintiff (*i.e.* store managers) throughout Florida; (2) classified and continue to classify these employees as exempt for purposes of overtime compensation eligibility; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendants failed to pay additional overtime premiums. Each improperly classified (and therefore improperly paid) employee who performed and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

24. Plaintiff knows of similarly situated to him (i.e. store managers), who would be interested in becoming opt-in Plaintiffs in this lawsuit. However, these same individuals have expressed concern over losing their jobs in retaliation for joining the lawsuit. The Court's imprimatur is therefore warranted, in terms of providing notice to all current and former similarly situated employees, throughout Florida, and for the last three (3) years, of their right to consent to join this action.

## COUNT I - RECOVERY OF UNPAID OVERTIME

25. Plaintiff realleges all paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiff is entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal

      Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly owed an overtime premium, calculated properly, for those overtime hours they worked and for which they were not properly paid.

27. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiff and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

28. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, TRAVIS CAMPBELL and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendants for the wages and overtime payments due to them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:   February 9, 2022

                              Respectfully submitted,

**VILES & BECKMAN, LLC.**
Attorneys for Plaintiff
6350 Presidential Court Suite A
Fort Myers, Florida  33919
Telephone:  239-334-3933
Facsimile:  239-334-7105
Maria@vilesandbeckman.com
Stefanie@vilesanbeckman.com

By:      **/s/ Maria R. Alaimo**
Maria R. Alaimo, Esquire
Florida Bar Number: 103870